

RE FILED
WILLIAM T. WALSH, CLERK

2003 JUN -9 P 6: 20

UNITED STATES
DISTRICT COURT

**FOX ROTHSCHILD LLP**
**Formed in the Commonwealth of Pennsylvania**
By:     Jack L. Kolpen (JK 1297)
        Thomas R. Hower (TH 3793)
Princeton Pike Corporate Center
997 Lenox Drive, Building 3
Lawrenceville, NJ  08648-2311
(609) 896-3600
Attorneys for Plaintiff, Buying for the Home, Inc.

6-9-03

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BUYING FOR THE HOME, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HUMBLE ABODE, LLC, JAMES L.<br>WICKERSHAM and KRIS KITTERMAN,<br>Defendants. | Civil Action No. 03cv2783<br>(JAP)<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Buying for the Home, Inc., by its attorneys, Fox Rothschild LLP, hereby

complains of Defendants, Humble Abode, LLC, James L. Wickersham and Kris Kitterman

LV1 208502v1 06/09/03

(collectively, "Defendants"), as follows:

## The Parties

1. Plaintiff, Buying for the Home, Inc. ("Buying"), is a corporation organized and existing under the laws of the State of New Jersey that maintains a post office address at 2227 U.S. 1, # 124, North Brunswick, NJ 08902.

2. Defendant, Humble Abode, LLC ("Humble"), is a limited liability company organized and existing under the laws of the State of California that maintains its principal place of business at 703 Lundy Way, Pacifica, CA 94044.

3. Defendant, James L. Wickersham ("Wickersham"), is an individual who resides in California and who is a principal of Humble.

4. Defendant, Kris Kitterman ("Kitterman"), is an individual who resides in California and who is a principal of Humble.

## Jurisdiction and Venue

5. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) because this action arises under the trademark laws of the United States. This Court has supplemental jurisdiction over the state law causes of action under 28 U.S.C. § 1367.

6. Venue is predicated upon 28 U.S.C.. 1391(b)(2) in that Defendants regularly transacts business in the District of New Jersey and because the injury to Buying was felt in New Jersey.

## Background

7. Buying is an Internet business that sells furniture through its website, "totalbedroom.com."

8. Buying sells furniture using the trademark and/or trade name, TOTAL BEDROOM which trademark and/or trade name appears on its website, to identify itself and its goods and services to vendors, suppliers and consumers.

9. Humble also sells furniture through a website on the Internet, "humbleabode.com".

10. Buying directly competes with Humble in the same Internet business category.

11. Buying has rights in the trademark and/or trade name TOTAL BEDROOM, which has been used to identify Buying's business on the internet since 2002 and it has established good will among vendors, suppliers and consumers using this trademark and/or trade name.

## The Defendant's Misconduct

12. Defendants, including Wickersham and Kitterman, have repeatedly made false statements to Buying's vendors, suppliers and other third parties with whom Buying does business regarding Buying's allegedly improper business practices, including, without limitation, Buying's failure to comply with copyright laws and the Internet policy of the third parties.

13. Some of the persons and businesses to whom Defendants, including Wickersham and Kitterman, made false statements include businesses with whom Buying does not currently have a business relationship.

14. Wickersham has also contacted Buying's employees on repeated occasions and made various false statements that Buying has not competed fairly with Humble and has violated Humble's copyrights.

15. Buying's listing for its website "totalbedroom.com" appears as the first website search result anytime a person browsing the Internet using the Google search engine enters the search phrase "total bedroom."

16. Humble has caused its own sponsored ad for its website to appear on the screen right next to Buying's listing anytime a person searching the Internet types the search phrase "total bedroom."

17. There is no other content in or on Humble's website that refers to or that uses the phrase "total bedroom."

18. Humble's misappropriation of the good will and value of Buying's trademark and/or trade name, TOTAL BEDROOM, by placing its sponsored ad right next to Buying's ad using the trademark and/or trade name is deliberate and willful.

19. Humble's sponsored ad is likely to cause confusion, mistake false designation or deception to consumers regarding which Internet website sells furniture using the trademark and/or trade name TOTAL BEDROOM.

20. Buying has been damaged and continues to be damaged by the unlawful misappropriation of the good will of its trademark and/or trade name TOTAL BEDROOM.

## Count One – Lanham Act Violation

21. The allegations of paragraphs 1 through 20 inclusive are incorporated herein by reference.

22. Buying owns trademark and/or trade name rights to TOTAL BEDROOM which it has used to sell furniture in its Internet business since 2002 and it has develop good will among consumers by selling furniture using that trademark and/or trade name.

23. Humble also sells furniture through a website on the Internet, "humbleabode.com".

24. Defendants misappropriated the trademark and/or trade name TOTAL BEDROOM for themselves by causing the search phrase "total bedroom" to raise an advertisement for its website on the Google search engine which leads consumers to Humble's website.

25. By leading consumers to another website that sells furniture when they search the phrase, TOTAL BEDROOM, Defendants are likely to cause confusion, false designation, mistake or deception among consumers as to the origin of goods sold using the trademark and/or trade name TOTAL BEDROOM.

26. Defendants' use of the trademark and/or trade name TOTAL BEDROOM has misappropriated the value and good will of Buying's trademark or trade name developed with consumers.

27. Defendants did not obtain the permission of Buying to use the trademark and/or trade name TOTAL BEDROOM as part of Humble's website.

28. Defendants' misappropriation of the trademark and/or trade name TOTAL BEDROOM in connection with the sale of goods is likely to communicate a false designation of the origin of those goods is a violation of the Lanham Act, 15 U.S.C. § 1125(a).

**WHEREFORE**, Plaintiff, Buying for the Home, Inc., demands judgment in its favor and against Defendants, Humble Abode, LLC, James L. Wickersham and Kris Kitterman, as follows:

A. A judgment that Defendants have willfully infringed the trademark and/or trade name TOTAL BEDROOM;

B. An Order that Humble and its respective officers, directors, agents, employees, successors, assigns and all those controlled by them, or in active concert or participation with them, be preliminarily and permanently enjoined from continuing to cause their sponsored ad to

appear when a person uses the trademark and/or trade name TOTAL BEDROOM to search the Internet;

C.  An Order requiring Defendant and/or Wickersham and/or Kitterman to account to Plaintiff for its actual damages and for any and all profits derived by Defendant and/or Wickersham and/or Kitterman from its infringement of Plaintiff's exclusive rights in the trademark and/or trade name TOTAL BEDROOM, trebled under the appropriate statute;

D.  An Order allowing the recovery by Plaintiff of the full costs in this action, including Plaintiff's reasonable attorneys' fees; and

E.  Such other and further relief that the Court deems just and reasonable.

## Count Two – State Law Unfair Competition

29. The allegations of paragraphs 1 through 28 inclusive are incorporated herein by reference.

30. Buying owns trademark and/or trade name rights to TOTAL BEDROOM which it has used to sell furniture in its Internet business since 2002 and it has develop good will among consumers by selling furniture using that trademark and/or trade name.

31. Humble also sells furniture through a website on the Internet, "humbleabode.com".

32. Defendants misappropriated the trademark and/or trade name TOTAL BEDROOM for themselves by using the search phrase "total bedroom" to raise an advertisement for its website on the Google search engine, which leads consumers to Humble's website.

33. By leading consumers to another website that sells furniture when they search the phrase, "total bedroom", Defendants are likely to cause confusion, false designation, mistake or deception among consumers as to the origin of goods sold using the trademark and/or trade name TOTAL BEDROOM.

34. Defendants' usage of the trademark and/or trade name TOTAL BEDROOM has misappropriated the value and good will of Buying's trademark or trade name developed with consumers.

35. Defendants did not obtain the permission of Buying to use the trademark and/or trade name TOTAL BEDROOM as part of Humble's website.

36. Defendants' misappropriation of the trademark and/or trade name TOTAL BEDROOM in connection with the sale of goods in a way that is likely to communicate a false designation of the origin of those goods is a violation of the New Jersey Fair Trade Act, N.J.S.A. 56:4-1 and common law unfair competition law.

**WHEREFORE**, Plaintiff, Buying for the Home, Inc., demands judgment in its favor and against Defendants, Humble Abode, LLC, James L. Wickersham and Kris Kitterman, as follows:

A.  A judgment that Defendants have willfully infringed the trademark and/or trade name TOTAL BEDROOM;

B.  An Order that Humble and its respective officers, directors, agents, employees, successors, assigns and all those controlled by them, or in active concert or participation with them, be preliminarily and permanently enjoined from continuing to cause their sponsored ad to appear when a person searches the trademark and/or trade name TOTAL BEDROOM on the Internet;

C.  An Order requiring Defendant and/or Wickersham and/or Kitterman to account to Plaintiff for its actual damages and for any and all profits derived by Defendant and/or Wickersham and/or Kitterman from its infringement of Plaintiff's exclusive rights in the trademark and/or trade name TOTAL BEDROOM, trebled under the appropriate statute;

D.  An Order allowing the recovery by Plaintiff of the full costs in this action, including Plaintiff's reasonable attorneys' fees; and

E.  Such other and further relief that the Court deems just and reasonable

### Count Three – Common Law Trademark And Trade Name Infringement

37. The allegations of paragraphs 1 through 36 inclusive are incorporated herein by reference.

38. Buying has trademark and/or trade name rights to TOTAL BEDROOM, which it uses to sell furniture on the Internet.

39. Defendants uses the trademark and/or trade name TOTAL BEDROOM, to sell furniture on the Internet.

40. Defendants misappropriated the trademark and/or trade name TOTAL BEDROOM by causing a sponsored ad for Humble's website to appear right next to Buying's listing on the Google Internet search engine to lead consumers to Humble's website.

41. Defendants' use of the trademark and/or trade name TOTAL BEDROOM is likely to cause confusion, mistake, deception among consumers regarding which Internet website sells furniture using the trademark and/or trade name TOTAL BEDROOM.

42. Defendants never obtained Buying's permission to use the trademark and/or trade name TOTAL BEDROOM as part of Humble's website.

43. Buying has been damaged by Defendants' unauthorized misappropriation of the trademark and/or trade name TOTAL BEDROOM.

**WHEREFORE**, Plaintiff, Buying for the Home, Inc., demands judgment in its favor and against Defendants, Humble Abode, LLC, James L. Wickersham and Kris Kitterman, as follows:

A.  A judgment that Defendants have willfully infringed the trademark and/or trade name TOTAL BEDROOM;

B.  An Order requiring Defendant and/or Wickersham and/or Kitterman to account to Plaintiff for its actual damages and for any and all profits derived by Defendant and/or Wickersham and/or Kitterman from its infringement of Plaintiff's exclusive rights in the trademark and/or trade name TOTAL BEDROOM;

C.  An Order requiring Defendant and/or Wickersham and/or Kitterman to account to Plaintiff for its actual damages and for any and all profits derived by Defendant and/or Wickersham and/or Kitterman from its infringement of Plaintiff's exclusive rights in the trademark and/or trade name TOTAL BEDROOM;

D.  An Order allowing the recovery by Plaintiff of the full costs in this action, including Plaintiff's reasonable attorneys' fees; and

E.  Such other and further relief that the Court deems just and reasonable.

## Count Four - Defamation

44.  The allegations of paragraphs 1 through 43 inclusive are incorporated herein by reference.

45.  Defendants, including Wickersham and Kitterman, have made multiple misrepresentations and false statements to various third parties about Buying's business practices, including statements to entities with which Buying has no present business relationship.

46.  The false statements were derogatory of Buying's business practices, including its alleged violation of copyrights and its disregard of third party's Internet policies.

47.  The statements made by Defendants, including Wickersham and Kitterman, were not

true and they knew that the statements were not true when they were made.

48. The statements made by Defendants, including Wickersham and Kitterman, were intended to harm Buying's business and were willful and outrageous.

49. Defendants' statements have damaged and have continued to damage Buying's business reputation and ability to conduct its business.

**WHEREFORE**, Plaintiff, Buying for the Home, Inc., demands judgment in its favor and against Defendants, Humble Abode, LLC, James L. Wickersham and Kris Kitterman, as follows:

A. An Order awarding compensatory and consequential damages against Defendant and/or Wickersham and/or Kitterman for the damage to Buying;

B. An Order awarding punitive damages against Defendant, including Wickersham and Kitterman;

C. An Order allowing the recovery by Plaintiff of the full costs in this action, including Plaintiff's reasonable attorneys' fees; and

D. Such other and further relief that the Court deems just and reasonable.

## Count Five – Trade Disparagement

50. The allegations of paragraphs 1 through 49 inclusive are incorporated herein by reference.

51. Defendants, including Wickersham and Kitterman, have made multiple, disparaging misrepresentations regarding Buying's business operations to Buyer's suppliers and vendors with whom it deals in the furniture business.

52. Defendants, including Wickersham and Kitterman, intended that these statements would disrupt and hinder Buying's business operations and those statements were willful and

outrageous.

53. The statements made by Defendants, including Wickersham and Kitterman, were not true and they knew that the statements were not true when they were made.

54. Defendants', including Wickersham's and Kitterman's, misrepresentations have damaged and are damaging Buying's business.

**WHEREFORE**, Plaintiff, Buying for the Home, Inc., demands judgment in its favor and against Defendants, Humble Abode, LLC, James L. Wickersham and Kris Kitterman, as follows:

A.  An Order awarding compensatory and consequential damages against Defendants, including Wickersham and/or Kitterman, for the damage to Buying;

B.  An Order awarding punitive damages against Defendants, including Wickersham and Kitterman;

C.  An Order allowing the recovery by Plaintiff of the full costs in this action, including Plaintiff's reasonable attorneys' fees; and

D.  Such other and further relief that the Court deems just and reasonable.

## JURY DEMAND

Plaintiff, Buying for the Home, Inc., demands a trial by jury for all issues so triable.

FOX ROTHSCHILD LLP
Attorneys for Plaintiff, Buying for the Home, Inc.

By: _____
JACK L. KOLPEN
THOMAS R. HOWER

DATED: June 9, 2003

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I certify that the matter in controversy is not the subject of any other action pending in

any court, or any pending arbitration or administrative proceeding.

FOX ROTHSCHILD LLP
Attorneys for Plaintiff, Buying for the Home, Inc.

By:_____
JACK L. KOLPEN
THOMAS R. HOWER

DATED: June __9__ , 2003