BUYING FOR THE HOME, LLC,  **:**  UNITED STATES DISTRICT COURT
                                   DISTRICT OF NEW JERSEY

          Plaintiff,  **:**  Civil Action No. 03-cv-2783 (JAP)

  -vs-                  **:**

HUMBLE ABODE, LLC, et al.,  **:**  Return Date:  February 14, 2006

         Defendants.  **:**

---

## BRIEF IN SUPPORT OF MOTION TO STRIKE
## ALL DEMANDS FOR ATTORNEYS' FEES
## AND DISBURSEMENTS FROM THE ANSWER,
## COUNTERCLAIM AND CROSS-CLAIMS

---

COLLIER & BASIL, P.C.
P.O. Box 3720
Princeton, NJ 08543-3720
609-924-2213

Attorneys for Plaintiff

## TABLE OF CONTENTS

Table of Authorities .................................................................................... ii

Statement of the Case ................................................................................ 1

I.     There Is No Basis for an Award of Attorneys'
       Fees under the New Jersey Frivolous Claims Act ................................. 2

II.    There Is No Basis for an Award of Attorneys'
       Fees under the Lanham Act .................................................................... 4

III.   There Is No Basis for Awarding Attorneys'
       Fees on the State-Law Claims Asserted in
       the Counterclaim ................................................................................... 9

IV.    There Is No Basis for Awarding Attorneys'
       Fees on the Lanham Act Claims Asserted in
       the Counterclaim ................................................................................... 11

V.     There Is No Basis for Reimbursement of
       Disbursements Other than Taxable Costs .............................................. 16

Conclusion ................................................................................................. 17

# TABLE OF AUTHORITIES

## Cases

*1-800 Contacts, Inc. v. WhenU.com, Inc.*,
   414 F.3d 400 (2d Cir. 2005) ............................................................... 6, 14

*Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*,
   421 U.S. 240 (1975) ........................................................................... 9

*Atlas v. Silvan*,
   128 N.J. Super. 247 (App. Div. 1974) .................................................. 10

*Bass v. United States*,
   379 F. Supp. 1208 (D. Colo. 1974) ...................................................... 10

*Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc.*,
   815 F.2d 500 (8th Cir. 1987) ................................................................ 12

*Calvin Klein Cosmetics Corp. v. Parfums de Coeur, Ltd.*,
   824 F.2d 665 (8th Cir. 1987) ................................................................ 12

*Century 21 Real Estate Corp. v. Lendingtree, Inc.*,
   425 F.3d 211 (3d Cir. 2005) ................................................................. 13

*CFM Majestic, Inc. v. NHC, Inc.*,
   93 F. Supp. 2d 942 (N.D. Ind. 2000) .................................................... 8

*Christiansburg Garment Co. v. EEOC*,
   434 U.S. 412 (1978) ....................................................................... 5, 6-7

*Community Realty Mgmt., Inc. v. Harris*,
   155 N.J. 212 (1998) ............................................................................ 9

*Computer Power, Inc. v. Myers/Nuart Elec. Prods., Inc.*,
   2002 WL 84057 (D.N.J. Jan. 18, 2002) ................................................ 3

*Crawford Fitting Co. v. J.T. Gibbons, Inc.*,
    482 U.S. 437 (1987) .............................................................. 16

*Divane v. Krull Elec. Co.*,
    319 F.3d 307 (7th Cir. 2003) ............................................... 7

*Dubisky v. Owens*,
    849 F.2d 1034 (7th Cir. 1988) ............................................. 7

*Ferrero U.S.A., Inc. v. Ozak Trading, Inc.*,
    952 F.2d 44 (3d Cir. 1991) .................................................. 15

*G.D. Searle & Co. v. Hudson Pharm. Corp.*,
    715 F.2d 837 (3d Cir. 1983) ................................................ 11

*Gregor v. Derwinski*,
    911 F. Supp. 643 (W.D.N.Y. 1996) ..................................... 10

*Hamilton, Johnston & Co. v. Johnston*,
    256 N.J. Super. 657 (App. Div.),
    *certification denied*, 130 N.J. 595 (1992) ........................... 10

*Hypertherm, Inc. v. Precision Prods., Inc.*,
    832 F.2d 697 (1st Cir. 1987) ............................................... 12

*Iowa Health Sys. v. Trinity Health Corp.*,
    177 F. Supp. 2d 897 (N.D. Iowa 2001) ............................... 5

*J.M. Hollister, LLC v. American Eagle Outfitters, Inc.*,
    2005 WL 1076246 (S.D. Ohio May 5, 2005) ....................... 5

*Jersey City Redev. Auth. v. PPG Indus.*,
    655 F. Supp. 1257 (D.N.J. 1987) ........................................ 10

*Jugan v. Friedman*,
    275 N.J. Super. 556 (App. Div.),
    *certification denied*, 138 N.J. 271 (1994) ........................... 10

iii

*Legal Servs. v. Arnett,*
  114 F.3d 135 (9th Cir. 1997)   ..................................................................   7

*Maidmore Realty Co. v. Maidmore Realty Co.,*
  474 F.2d 840 (3d Cir. 1973)   ..................................................................   9

*McKeown-Brand v. Trump Castle Hotel & Casino,*
  132 N.J. 546 (1993)   ..................................................................   2

*McKnight v. General Motors Corp.,*
  511 U.S. 659 (1994)   ..................................................................   6, 14

*Mellon Bank Corp. v. First Union Real Est. Eq. & Mortgage Invs.,*
  951 F.2d 1399 (3d Cir. 1991)   ..................................................................   6

*Mruz v. Caring, Inc.,*
  39 F. Supp. 2d 495 (D.N.J. 1999)   ..................................................................   2

*Napier v. Thirty or More Unidentified Fed. Agents,*
  855 F.2d 1080 (3d Cir. 1988)   ..................................................................   7

*National Nonwovens, Inc. v. Consumer Prods. Enters., Inc.,*
  397 F. Supp. 2d 245 (D. Mass. 2005)   ..................................................................   4

*OPA (Overseas Publ'g Ass'n) Amsterdam BV v. American Inst. of Physics,*
  986 F. Supp. 242 (S.D.N.Y. 1997),
  *aff'd sub nom. Gordon & Breach Sci. Publishers*
  *S.A. v. American Inst. of Physics,*
  166 F.3d 438 (2d Cir. 1999)   ..................................................................   5

*Papalexiou v. Tower W. Condo.,*
  167 N.J. Super. 516 (Ch. Div. 1979)   ..................................................................   10

*Pebble Beach Co. v. Tour 18 I Ltd.,*
  155 F.3d 526 (5th Cir. 1998)   ..................................................................   12

*Ruffing v. Lincicome,*
    737 P.2d 440 (Colo. Ct. App. 1987) ........................................................ 7

*Securacomm Consulting, Inc. v. Securacomm Inc.,*
    224 F.3d 273 (3d Cir. 2000) ........................................................ 4, 6, 14-15

*Smith v. Chanel, Inc.,*
    402 F.2d 562 (9th Cir. 1968) ........................................................ 12

*SSP Agric. Equip., Inc. v. Orchard-Rite Ltd.,*
    592 F.2d 1096 (9th Cir. 1979) ........................................................ 12

*State v. Ventron Corp.,*
    94 N.J. 473 (1983) ........................................................ 10

*Stillman v. Edmund Scientific Co.,*
    522 F.2d 798 (4th Cir. 1975) ........................................................ 8

*Sykes Lab., Inc. v. Kalvin,*
    610 F. Supp. 849 (C.D. Cal. 1985) ........................................................ 13

*TakeCare Corp. v. TakeCare of Okla., Inc.,*
    889 F.2d 955 (10th Cir. 1989) ........................................................ 8

*Van Horn v. City of Trenton,*
    80 N.J. 528 (1979) ........................................................ 9

*Warrington v. Village Supermarket, Inc.,*
    328 N.J. Super. 410 (App. Div. 2000) ........................................................ 9-10

*West Virginia Univ. Hosps., Inc. v. Casey,*
    499 U.S. 83 (1991) ........................................................ 16

*Westhoff v. Kerr S.S. Co.,*
    219 N.J. Super. 316 (App. Div.),
    *certification denied,* 109 N.J. 503 (1987) ........................................................ 3

## Statutes & Rules

15 U.S.C. § 1117  ................................................................  4, 8, 11, 15

15 U.S.C. § 1125  ................................................................  13

28 U.S.C. § 1821  ................................................................  16

28 U.S.C. § 1920  ................................................................  16

N.J.S.A. 2A:15-59.1  ..........................................................  2

Fed. R. Civ. P. 9  ................................................................  9

Fed. R. Civ. P. 11  ..............................................................  7-8

Fed. R. Civ. P. 54  ..............................................................  16

N.J. Ct. R. 4:42-9  ..............................................................  10

## STATEMENT OF THE CASE

Plaintiff Buying for the Home, Inc. and defendant Humble Abode, LLC are competitors in the business of selling furniture via the internet. Each is accusing the other of improprieties in the methods of marketing online. In particular, each contends that its trademarks are being used improperly on the other's websites.

Plaintiff filed its Complaint in June 2003, asserting claims under the Lanham Act and state law against Humble Abode and two of its principals. Defendants filed their Answer, Counterclaim and Cross-Claims in July 2003. Among other things, the Answer demands "that defendants be granted their attorney fees and costs of suit pursuant to N.J.S.A. 2A:15-59.1." The Counterclaim and Cross-Claims (hereafter referred to as the "Counterclaim") asserts causes of action under the Sherman Act, the Lanham Act and state law against plaintiff and various parties related to plaintiff.[1] Among other things, the Counterclaim demands that "Humble Abode have and recover from counterclaim / cross-claim defendants its reasonable attorneys' fees, costs and disbursements of this action."

This matter is now before the Court on the motion of plaintiff to strike all demands for fees and disbursements from the Answer and the Counterclaim.

---

[1] In June 2004, the parties filed a Stipulation dismissing the Counterclaim against certain parties and dismissing the Sherman Act claim and several state-law claims against the remaining parties (hereafter collectively referred to as "plaintiff").

# I

## THERE IS NO BASIS FOR AN AWARD
## OF ATTORNEYS' FEES UNDER THE
## NEW JERSEY FRIVOLOUS CLAIMS ACT

The Answer demands "that defendants be granted their attorneys fees and costs

of suit pursuant to N.J.S.A. 2A:15-59.1." However, the New Jersey Frivolous Claims

Act cannot be invoked in federal court with respect to claims based on federal law.

*Mruz v. Caring, Inc.*, 39 F. Supp. 2d 495, 500-06 (D.N.J. 1999).    Therefore,

defendants' demand for attorneys' fees must be stricken insofar as it relates to the

Lanham Act claim asserted in Count One of the Complaint.

Furthermore, the New Jersey Frivolous Claims Act cannot be invoked in a

pleading. *Id*. at 506-07. Therefore, to the extent that defendants seek relief under the

Act with respect to the state-law claims asserted in Counts Two through Five of the

Complaint, their demand for such relief must be stricken from the Answer.

The same result would obtain even if the Act could be invoked in the Answer,

and even if defendants ultimately prevail on the state-law claims against them.[2] The

mere fact that a claim is dismissed does not mean that it was frivolous.    *See*

*McKeown-Brand v. Trump Castle Hotel & Casino*, 132 N.J. 546, 563 (1993);

---

[2]Of course, if plaintiff succeeds on its state-law claims, defendants would not
be "prevailing" parties and thus would not be entitled to relief under the New Jersey
Frivolous Claims Act.

*Westhoff v. Kerr S.S. Co.*, 219 N.J. Super. 316, 322 (App. Div.) ("a termination of civil proceedings adverse to the party initiating them is not evidence that they were brought without probable cause"), *certification denied*, 109 N.J. 503 (1987).

> The term "frivolous" as used in the [New Jersey Frivolous Claims Act] is given a restrictive interpretation, which is in recognition of the principle that citizens should have ready access to all branches of government, including the judiciary. A claim is deemed frivolous or groundless "when no rational argument can be advanced in its support, when it is not supported by any credible evidence, when a reasonable person could not have expected its success, or when it is completely untenable."

*Computer Power, Inc. v. Myers/Nuart Elec. Prods., Inc.*, 2002 WL 84057, at *2 (D.N.J. Jan. 18, 2002) (citations omitted). Because the state-law claims asserted in Counts Two through Five of the Complaint are well-founded in both fact and law, they cannot be found "frivolous" under this strict standard.

## II

## THERE IS NO BASIS FOR AN AWARD OF ATTORNEYS' FEES UNDER THE LANHAM ACT

Although the Answer relies solely on the New Jersey Frivolous Claims Act as the basis for demanding attorneys' fees, defendants have suggested that they may be entitled to a fee award under federal law if they defeat the Lanham Act claim asserted in Count One of the Complaint. While it is true that a defendant who prevails on a Lanham Act claim may be able to recover fees under 15 U.S.C. § 1117(a), such an award is discretionary and is available only in "exceptional cases." The mere fact that the defendant prevails is not sufficient to make the case "exceptional." *National Nonwovens, Inc. v. Consumer Prods. Enters., Inc.*, 397 F. Supp. 2d 245, 259 (D. Mass. 2005).

In this Circuit, an exceptional case "must involve culpable conduct on the part of the losing party." *Securacomm Consulting, Inc. v. Securacomm Inc.*, 224 F.3d 273, 280 (3d Cir. 2000). More to the point, a prevailing defendant must make a particular kind of showing. "In cases in which the defendant is the prevailing party in a trademark infringement case and seeks fees from the plaintiff, the plaintiff's culpable conduct will necessarily center on the act of filing the lawsuit rather than on the infringement." *Id.*

4

At a minimum, the defendant must show that the claim of infringement was frivolous. *E.g.*, *OPA (Overseas Publ'g Ass'n) Amsterdam BV v. American Inst. of Physics*, 986 F. Supp. 242, 245 (S.D.N.Y. 1997) ("We know of no case in which a court has concluded that fees should be awarded although the suit itself was not frivolous because of plaintiff's ulterior motivation in instituting the action"), *aff'd sub nom. Gordon & Breach Sci. Publishers S.A. v. American Inst. of Physics*, 166 F.3d 438 (2d Cir. 1999); *J.M. Hollister, LLC v. American Eagle Outfitters, Inc.*, 2005 WL 1076246, at *1 (S.D. Ohio May 5, 2005) ("The possibility of an award of attorney fees is meant . . . to protect defendants from frivolous suits brought for improper purposes"); *Iowa Health Sys. v. Trinity Health Corp.*, 177 F. Supp. 2d 897, 928 (N.D. Iowa 2001) (a prevailing defendant must show that the suit "lacked merit"). *See also Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417 (1978) (a prevailing defendant is entitled to a fee award under Title VII only if the plaintiff's claim was "frivolous, unreasonable, or without foundation").

In the present case, there was nothing frivolous about the filing of the Lanham Act claim in Count One of the Complaint. Plaintiff had a documented factual basis for its claim.[3] The legal basis for plaintiff's claim was likewise sound, although there

---

[3]Plaintiff relies on a "screen shot" documenting that a Google search for the term "total bedroom" (which is a trademark owned by plaintiff) resulted in not only a link to its own web site but also a "pop-up" advertisement, known as a sponsored

have been recent developments — *after* the Complaint was filed in June 2003 — which cast some doubt on plaintiff's legal theory. *See 1-800 Contacts, Inc. v. WhenU.com, Inc.*, 414 F.3d 400 (2d Cir. 2005). Nevertheless, the worst that can be said about plaintiff's theory is that the law was unsettled at the time the Complaint was filed and remains unsettled today. Under these circumstances, the Complaint cannot be deemed frivolous. *See McKnight v. General Motors Corp.*, 511 U.S. 659 (1994); *Securacomm*, 224 F.3d at 280.

Thus, even if defendants hit a home run and ultimately defeat plaintiff's Lanham Act claim, their victory will not establish that the Complaint was frivolous. *See Mellon Bank Corp. v. First Union Real Est. Eq. & Mortgage Invs.*, 951 F.2d 1399, 1413 (3d Cir. 1991). As the Supreme Court has warned, "it is important that a . . . court resist the understandable temptation to engage in *post hoc* reasoning by concluding that because a plaintiff did not ultimately prevail his action must have been unreasonable or without foundation." *Christiansburg Garment Co. v. EEOC*,

---

link, leading to Humble Abode's web site. *See* Exhibit A. The sponsored link does not appear when searching for either the term "total" or the term "bedroom." *See* Exhibits B & C. The sponsored link appears only when the search term is "total bedroom." Sponsored links appear when a company purchases an advertisement, supplies the search engine with the link, and specifies which search terms will trigger the appearance of the sponsored link. Thus, a screen shot of an actual infringing search is dispositive documentation of a valid factual basis for a claim alleging that the advertising company is misappropriating the rights of the party that owns the trademark in the search term.

434 U.S. at 421-22. Consequently, a claim is frivolous only if an adverse result was obvious at the outset. *Legal Servs. v. Arnett*, 114 F.3d 135, 141 (9th Cir. 1997).

No matter what the ultimate outcome of this case may be, there is no basis for a finding that plaintiff's Lanham Act claim is frivolous and that this was obvious at the outset of the case. In this regard, it is highly significant that, although this case was filed almost three years ago, defendants have never moved to dismiss the Lanham Act claim, nor have they even bothered to give the "safe harbor" notice required by Rule 11(c)(1)(A), setting forth the specific factual or legal basis for their theory that the Lanham Act claim is frivolous.

If plaintiff's claim were as frivolous as defendants suggest, one would have expected to have seen them taking some action early in the case to eliminate the claim. Indeed, they were under a duty to do so. A party defending against a frivolous paper has a duty to mitigate its fees by notifying the Court and his adversary promptly upon discovery that the paper is frivolous. *See Divane v. Krull Elec. Co.*, 319 F.3d 307, 321 (7th Cir. 2003); *Dubisky v. Owens*, 849 F.2d 1034, 1037 (7th Cir. 1988); *Napier v. Thirty or More Unidentified Fed. Agents*, 855 F.2d 1080, 1092 (3d Cir. 1988); *Ruffing v. Lincicome*, 737 P.2d 440 (Colo. Ct. App. 1987) (fee award properly limited based on finding that defendant did not take all reasonable measures to extricate himself from frivolous lawsuit at the earlies possible time); Fed. R. Civ. P.

7

11, Advisory Comm. Notes to 1983 amend. ("A party seeking sanctions should give notice to the court and the offending party promptly upon discovering a basis for doing so").

Thus, by their own quiescence in the face of a clear duty to speak out, defendants have deprived themselves of the ability to show that the Lanham Act claim was obviously frivolous from the outset of the case. Without such a showing, defendants cannot establish that the present case is "exceptional" within the meaning of 15 U.S.C. § 1117(a).[4] Therefore, defendants' unpled demand for attorneys' fees under the Lanham Act should be stricken or otherwise precluded.

---

[4] Another insuperable obstacle for defendants is the fact that reliance on the advice of counsel is a valid defense to a fee application. *E.g.*, *TakeCare Corp. v. TakeCare of Okla., Inc.*, 889 F.2d 955, 957 (10th Cir. 1989); *Stillman v. Edmund Scientific Co.*, 522 F.2d 798, 800-01 & nn.2, 4 (4th Cir. 1975); *CFM Majestic, Inc. v. NHC, Inc.*, 93 F. Supp. 2d 942, 961-62 (N.D. Ind. 2000). Thus, even if defendants could somehow establish that plaintiff's Lanham Act claim was frivolous at the time it was filed, they still cannot obtain a fee award without showing that it was patently unreasonable for the untrained lay officers of plaintiff to rely upon the high-powered legal expertise of the Fox Rothschild firm as to whether the Lanham Act claim had merit.

8

## III

## THERE IS NO BASIS FOR AWARDING ATTORNEYS' FEES ON THE STATE-LAW CLAIMS ASSERTED IN THE COUNTERCLAIM

To the extent that defendant Humble Abode demands attorneys' fees with respect to the state-law claims asserted in its Counterclaim, the demand should be stricken because there is no factual or legal basis for such relief.

Legal fees are items of "special damages" for which a factual basis must be specifically stated as required by Rule 9(g). *See Maidmore Realty Co. v. Maidmore Realty Co.*, 474 F.2d 840, 843 (3d Cir. 1973). The Counterclaim is devoid of any specific allegations to support the demands for attorneys' fees with respect to the claims based on state law.

Even if Humble Abode had bothered to comply with the requirement of a specific factual pleading, it still would not be entitled to a recovery of attorneys' fees. New Jersey adheres to "the traditional 'American rule' that 'the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser.'" *Van Horn v. City of Trenton*, 80 N.J. 528, 538 (1979), *quoting Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). Consequently, attorneys' fees are not recoverable unless they are authorized by statute, court rule or contract. *See Community Realty Mgmt., Inc. v. Harris*, 155 N.J. 212, 235-36 (1998); *Warrington*

9

*v. Village Supermarket, Inc.*, 328 N.J. Super. 410, 417 (App. Div. 2000).  This rule

applies not only to tort actions, *see Jugan v. Friedman,* 275 N.J. Super. 556, 573

(App. Div.), *certification denied*, 138 N.J. 271 (1994); *Atlas v. Silvan*, 128 N.J. Super.

247, 253 (App. Div. 1974), but also to contract actions, *see Hamilton, Johnston & Co.*

*v. Johnston*, 256 N.J. Super. 657, 669 (App. Div.), *certification denied*, 130 N.J. 595

(1992); *Papalexiou v. Tower W. Condo.*, 167 N.J. Super. 516, 530 (Ch. Div. 1979).

Thus, except for the few "specially designated" situations set forth in New

Jersey Court Rule 4:42-9(a), each litigant must bear its own counsel fees.  *See State*

*v. Ventron Corp.*, 94 N.J. 473, 504 (1983).  The state-law claims in the Counterclaim

do not fall within the scope of any of the exceptions contained in Rule 4:42-9(a).

Therefore, insofar as the Counterclaim's demand for attorneys' fees relates to the

state-law claims, it must be stricken because there is no legal basis for such a remedy.

*See Jersey City Redev. Auth. v. PPG Indus.*, 655 F. Supp. 1257, 1266 (D.N.J. 1987);

*Gregor v. Derwinski*, 911 F. Supp. 643, 656 (W.D.N.Y. 1996); *Bass v. United States*,

379 F. Supp. 1208, 1210 (D. Colo. 1974).

10

## IV

## THERE IS NO BASIS FOR AWARDING ATTORNEYS' FEES ON THE LANHAM ACT CLAIMS ASSERTED IN THE COUNTERCLAIM

The only remaining demand for attorneys' fees relates to the Lanham Act claims asserted in the Counterclaim.  As previously noted, parties who prevail on Lanham Act claims may be able to recover fees under 15 U.S.C. § 1117(a), but only in "exceptional cases."  The Counterclaim does not present an "exceptional" case; even if Humble Abode ultimately prevails,[5] its Lanham Act claims are plain vanilla at best.

The Counterclaim alleges that plaintiff has been using Humble Abode's trademarks as part of a price comparison on plaintiff's websites.  However, price comparisons are protected commercial speech under the First Amendment and are not actionable as trademark infringement. "The use of a competitor's trademark for purposes of comparative advertising is not trademark infringement 'so long as it does not contain misrepresentations or create a reasonable likelihood that purchasers will be confused as to the source, identity, or sponsorship of the advertiser's product.'" *G.D. Searle & Co. v. Hudson Pharm. Corp.*, 715 F.2d 837, 841 (3d Cir. 1983),

---

[5]As noted earlier, winning is not enough to justify an award of fees under section 1117(a).  And, of course, losing precludes a fee award altogether.

11

quoting *SSP Agric. Equip., Inc. v. Orchard-Rite Ltd.*, 592 F.2d 1096, 1103 (9th Cir. 1979), *quoting Smith v. Chanel, Inc.*, 402 F.2d 562, 563 (9th Cir. 1968).

The cases in accord are legion. *E.g.*, *Pebble Beach Co. v. Tour 18 I Ltd.*, 155 F.3d 526, 545 (5th Cir. 1998) ("one can use another's mark truthfully to identify another's goods or services in order to . . . compare its product to the markholder's product"); *Calvin Klein Cosmetics Corp. v. Parfums de Coeur, Ltd.*, 824 F.2d 665, 668 (8th Cir. 1987) ("A manufacturer does not commit unfair competition merely because it refers to another's product by name in order to win over customers interested in a lower cost copy of that product if the reference is truthful and does not likely confuse consumers into believing that the copy is from the same source as the original"); *Hypertherm, Inc. v. Precision Prods., Inc.*, 832 F.2d 697, 701 (1st Cir. 1987) (reversing injunction because it "left [defendant] without any efficacious way to tell the public that its goods, when clearly denominated as such, were (it thought) comparable to [plaintiff]'s own [products]" and "the decree should have permitted [defendant] to use [plaintiff's] name and the like in a purely descriptive sense for the limited purpose of comparative marketing"); *Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc.*, 815 F.2d 500, 504 (8th Cir. 1987) ("an imitator is entitled to truthfully inform the public that it believes that it has produced a product equivalent to the original and that the public may benefit through lower prices by buying the

imitation"); *Sykes Lab., Inc. v. Kalvin*, 610 F. Supp. 849, 855 (C.D. Cal. 1985)

("defendants commit no act of unfair competition merely because they refer to

plaintiff's [product] by its name in order to win over customers interested in a lower

cost product"). *See also Century 21 Real Estate Corp. v. Lendingtree, Inc.*, 425 F.3d

211 (3d Cir. 2005); 15 U.S.C. § 1125(c)(4)(A) ("The following shall not be actionable

under this section: . . . Fair use of a famous mark by another person in comparative

commercial advertising or promotion to identify the competing goods or services of

the owner of the famous mark").

Not only does plaintiff have a legal right to do price comparisons using

Humble Abode's trademarks, but also plaintiff went out of its way to avoid confusion

by notifying the public that the trademarks belong to Humble Abode.  As admitted

by Humble Abode itself in paragraph 46 of the Counterclaim: "At certain junctures

on its website, [plaintiff] states, in gray text: 'Humble Abode and product names are

trademarks of [Humble Abode]'."  The gist of Humble Abode's claim is that plaintiff

should have used a different color than gray and should have repeated the same notice

each time a Humble Abode product appeared, instead of at the beginning of the price

comparison page and at the bottom of each separate product page. *See* Counterclaim

¶¶ 48-53.  In other words, Humble Abode's theory is that plaintiff should have been

13

more fastidious than it was with trademark notices.[6]

Even if Humble Abode ultimately prevails on this questionable claim,[7] it would represent nothing more than successful quibbling about the details of trademark protection in the novel and evolving context of internet advertising, as opposed to a deliberate and flagrant disregard of settled trademark law on the part of plaintiff. Because the law of internet advertising is unsettled and still developing, *see, e.g., 1-800 Contacts, Inc. v. WhenU.com, Inc.*, 414 F.3d 400 (2d Cir. 2005), plaintiff cannot be found "culpable" by reason of its failure to anticipate the outcome of the novel legal issues in this case.[8] *See McKnight v. General Motors Corp.*, 511 U.S. 659 (1994); *Securacomm*, 224 F.3d at 280. Under these circumstances, there is no basis for the required "finding of culpable conduct on the part of the losing party, such as bad faith, fraud, malice, or knowing infringement, before a case qualifies as

---

[6]The same is true of the other "predatory website" practices alleged by Humble Abode in paragraphs 60-72 of the Counterclaim. As for the "sponsored advertisement" theory alleged in paragraphs 73-75, it is subject to the same doubts as plaintiff's "sponsored link" theory, which is discussed in Point II of this Brief.

[7]It is significant that Humble Abode never requested a preliminary injunction, thereby demonstrating its own assessment of the weakness of the Lanham Act claims. If this were a "slam-dunk" case, Humble Abode would have been banging on the door of the Court early and often.

[8]Here again, Humble Abode cannot show that the untrained lay management of plaintiff acted unreasonably in relying upon the high-powered legal expertise of the Fox Rothschild firm. *See* note 4 *supra*.

14

'exceptional.'" *Securacomm*, 224 F.3d at 280, *quoting Ferrero U.S.A., Inc. v. Ozak Trading, Inc.*, 952 F.2d 44, 47 (3d Cir. 1991).  Therefore, Humble Abode's demand for a fee award under 15 U.S.C. § 1117(a) should be stricken from the Counterclaim.

15

## V

## THERE IS NO BASIS FOR REIMBURSEMENT OF DISBURSEMENTS OTHER THAN TAXABLE COSTS

In addition to an award of attorneys' fees, the Counterclaim demands reimbursement of the "costs and disbursements of this action."  In the event that Humble Abode prevails on its Counterclaim, "costs" can be awarded pursuant to Rule 54(d)(1). The term "costs" is defined in 28 U.S.C. § 1920. "Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

Except for witness fees allowed by 28 U.S.C. § 1821(b) and the costs enumerated in section 1920, no other expenses may be reimbursed under Rule 54(d)(1). Sections 1821(b) and 1920 "define the full extent of a federal court's power to shift litigation costs absent express statutory authority to go further." *West Virginia Univ. Hosps., Inc. v. Casey*, 499 U.S. 83, 86 (1991). *Accord, Crawford Fitting*, 482 U.S. at 440-42.

Therefore, there is no legal basis for reimbursement of "disbursements" which are not enumerated in sections 1821(b) and 1920.  Accordingly, Humble Abode's demand for such relief should be stricken from the Counterclaim.

16

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that this Court strike or otherwise preclude all demands for attorneys' fees and disbursements asserted by defendants.

Respectfully submitted,

COLLIER & BASIL, P.C.
Attorneys for Plaintiff


By  /s/  *Richard F. Collier, Jr.*
     RICHARD F. COLLIER, JR.
     A Director of the Firm

Dated: January 6, 2006

17



**EXHIBIT A**



**EXHIBIT B**

**EXHIBIT C**