**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
JOEL A. PISANO
JUDGE

USPO & COURTHOUSE
1 FEDERAL SQUARE, ROOM 417
P.O. BOX 999
NEWARK, NJ 07101-0999
(973) 645-3136

February 14, 2006

**LETTER ORDER**
**ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT**

Re:  *Buying for the Home, LLC v. Humble Abode, LLC, et al.*, 03-2783 (JAP)

Dear Parties,

  Currently before the Court are (1) Plaintiff's "Motion to Strike All Demands for Attorneys' Fees and Disbursements from the Answer, Counterclaim and Cross-claims", (2) a request by Defendant for leave to file a motion for summary judgment, and (3) an application for counsel fees submitted by Plaintiff's counsel at the Court's direction.  This Letter Order supplements the opinion of the Court stated on the record on February 8, 2006.  The Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, and 1367.

**Plaintiff's Motion to Strike**

  In its Answer, Counterclaims and Cross-Claims, Defendant requests that it be granted its "attorneys fees and costs of suit pursuant to N.J.S.A. 2A:15-59.1," and that it "have and recover from counterclaim/cross-claim defendants its reasonable attorneys' fees, costs and disbursements of this action." (Defendant's Answer and Counterclaim at 7, 40).  Plaintiff has moved to strike all such demands from Defendant's Counterclaim.  For the reasons discussed on the record and below, the Court hereby:  (1) grants Plaintiff's motion to strike with prejudice Defendant's requests for attorneys fees under N.J.S.A. 2A:15-59.1; (2) grants Plaintiff's motion to strike with prejudice Defendant's requests for attorneys fees in connection with state law causes of action; and (3) denies without prejudice Plaintiff's motion to strike any requests by Defendant for attorneys fees in connection with claims asserted under the Lanham Act; and (4) denies without prejudice Plaintiff's motion to strike Defendant's requests for disbursements.

  Plaintiff's motion to strike Defendant's requests for attorneys fees under N.J.S.A. 2A:15-59.1 is granted.  Defendant's reliance on N.J.S.A. 2A:15-59.1, which is known as the New Jersey Frivolous Claims Act, is inapt.  Under circumstances such as those presented in the instant action, the New Jersey Frivolous Claims Act cannot be invoked in federal court with respect to claims based on federal law where subject matter jurisdiction is based on federal question.  *See*

1

*Mruz v Caring, Inc.*, 39 F. Supp. 2d 495, 500-06 (D.N.J. 1999); *cf. Reitz v. Dieter*, 840 F. Supp. 353 (E.D. Pa. 1993).  Rather, where the jurisdictional basis supporting an allegedly frivolous claim is federal question jurisdiction, the party defending against that claim must avail itself of federal remedies available to recover those attorneys' fees and costs associated with defending against the allegedly bad faith conduct.  *See Mruz v Caring, Inc.*, 39 F. Supp. 2d at 506. Accordingly, the Court grants Plaintiff's motion to strike with prejudice Defendant's requests for attorneys fees under N.J.S.A. 2A:15-59.1.

  Any request by Defendant for attorneys fees in connection with state law causes of action asserted in Plaintiff's Complaint or in Defendant's Counterclaim likewise must be struck.  First, the New Jersey Frivolous Claims Act cannot be invoked with respect to such state-law claims because the New Jersey Frivolous Claims Act cannot be invoked in a pleading; rather, a party must make an application under that provision.  *See id.*, 39 F. Supp. 2d at 506-07; *see* N.J.S.A. 2A:15-59.1(c).  Further, to the extent that Defendant makes such a demand in connection with the state law claims it asserts in the Counterclaim, the Counterclaim is devoid of any allegations indicating a legal or factual basis for such a demand.  *See Maidmore Realty Co. v. Maidmore Realty Co.*, 474 F.2d 840, 843 (3d Cir. 1973) ("Claims for attorneys' fees are items of special damage which myst be specifically pleaded under Federal Rule of Civil Procedure 9(g)."); *see also Community Realty Mgmt., Inc. v. Harris*, 155 N.J. 212, 235-36 (1998) (indicating that New Jersey follows the "American Rule" for attorneys' fees and that attorneys' fees must be authorized by statute, court rule, or contract).  Accordingly, the Court grants Plaintiff's motion to strike with prejudice Defendant's requests for attorneys fees in connection with state law causes of action.

  With respect to claims under the Lanham Act, Plaintiff's application to strike any requests by Defendant for attorneys fees must be denied without prejudice.  A party that prevails may seek fees under 15 U.S.C. § 1117(a); however, such fees are only available in "exceptional cases."  Generally, the prevailing party must show some culpable conduct by the losing party, such as that a claim of infringement asserted against the prevailing party was frivolous, or that there was bad faith, fraud, malice, or knowing infringement by the losing party.  *See, e.g.*, *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 280 (3d Cir. 2000) (noting that an exceptional case must involve culpable conduct); *OPA (Overseas Publ'g Ass'n) Amsterdam BV v. American Inst. of Physics,* 986 F. Supp. 242, 243, 245 (S.D.N.Y. 1997) (indicating that attorneys' fees under should be awarded under the Lanham Act only where the suit was meritless and where there is evidence of fraud or bad faith; *J.M. Hollister, LLC v. American Eagle Outfitters, Inc.*, No. 03-703, 2005 WL 1076246, *1 (S.D. Oh. May 5, 2005) (indicating that "an 'exceptional case' is on where a plaintiff brings a suit that could fairly be described as 'oppressive'") (quotations and citations omitted).  Even if Defendant ultimately defeats Plaintiff's Lanham Act claim and/or prevails on its own Lanham Act claim, the fact that Defendant is victorious would not automatically establish that the Complaint was frivolous or that this otherwise is an exceptional case.  *See National Nonwovens, Inc. v. Consumer Prods. Enters., Inc.*, 397 F. Supp. 2d 245, 259 (D. Mass. 2005) ("The mere fact that Defendant has prevailed on all counts is insufficient to make the case as a whole 'exceptional.'"); *cf. Mellon*

*Bank Corp. v. First Union Real Est. Eq. & Mortgage Invs.*, 951 F.2d 1399, 1413 (3d Cir. 1991);. Further, the Court notes that "it is important that a . . . court resist the understandable temptation to engage in *post hoc* reasoning by concluding that because a plaintiff did not ultimately prevail his action must have been unreasonable or without foundation." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22 (1978) (addressing attorneys' fee awards in the Title VII context). However, the Court concludes that Plaintiff's motion is premature at this time. Accordingly, the Court denies without prejudice Plaintiff's motion to strike any requests by Defendant for attorneys fees in connection with claims asserted under the Lanham Act.

Finally, Plaintiff also moves to strike any request for "disbursements" by Defendant. The "expenses that a federal court may tax as a cost under the discretionary authority found in [Fed. R. Civ. P.] Rule 54(d)" are enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987). Section 1920(3) refers to "[f]ees and disbursements for printing and witnesses." 28 U.S.C. § 1920(3) (2005). Since Section 1920(3) includes "disbursements" among the costs that a court may allow to a prevailing party, Plaintiff's motion to strike Defendant's request for "disbursements" is premature at present. Accordingly, the Court denies without prejudice Plaintiff's motion to strike Defendant's request for "disbursements."

**Defendant's Request for Leave to File a Motion for Summary Judgment**

As stated on the record, Defendant's request for leave to file a motion for summary judgment is granted. Defendant shall file any such motion on or before February 24, 2006. The Court notified the parties of the briefing schedule for this proposed motion via the electronic system on February 8, 2006; however, the Court has since received correspondence from the parties concerning the briefing schedule. Having considered the parties' correspondence, the Court now sets the briefing schedule as follows: Defendant's motion for summary judgment is due on February 24, 2006; Plaintiff's submission in opposition is due on March 13, 2006; and Defendant's reply papers are due on March 20, 2006. The schedule set forth herein supersedes the schedule previously noticed to the parties via the electronic system. The parties will be notified via the electronic system in the event that the Court schedules oral argument; otherwise the motion will be decided on the papers pursuant to Fed. R. Civ. P. 78.

**Plaintiff's Counsel's Application for Fees Submitted at the Court's Direction**

Counsel for Defendant having failed to appear, or to provide the Court with advance notification of any inability to appear, at conferences scheduled for December 1, 2005 and January 30, 2006 and Plaintiff's counsel having appeared for both scheduled conferences, the Court directed Plaintiff's counsel to submit to the Court a certification of his services in connection with both such appearances. The Court accepts as good faith explanations Defendant's counsel's stated reasons for his failures to appear. Nonetheless, as Defendant's counsel acknowledged on the record, Plaintiff should not be made to bear the expense of its counsel's appearances under the circumstances. Accordingly, Defendant's counsel, Mr.

Coleman, is hereby ordered to pay to Plaintiff's counsel for the benefit of Plaintiff a sum representing sanctions in the form of reasonable attorneys' fees and expenses incurred by Plaintiff in connection with the conferences that were scheduled for December 1, 2005 and January 30, 2006 in an amount to be determined by Plaintiff's counsel and Defendant's counsel within 30 days of the date hereof.

**Conclusion**

For the reasons discussed on the record and above, (1) Plaintiff's "Motion to Strike All Demands for Attorneys' Fees and Disbursements from the Answer, Counterclaim and Cross-claims" is **granted in part and denied in part** as detailed above, (2) Defendant's request for leave to file a motion for summary judgment is **granted**, and (3) Plaintiff's application for counsel fees is **granted**.

**SO ORDERED**.

s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Orig:   Clerk
cc:     All parties, File